## THOMAS BREWER
### v.
## O. H. GOBBLE.

*Gaming—Contracts Void for Illegality—Wager—Payment before Decision—Action against Stakeholder.*

A stakeholder who, before the wager is or can be decided, pays the money over to one of the parties, makes himself liable to the other party for the amount of his deposit.

[Opinion filed November 23, 1889.]

APPEAL from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Messrs. PALMERS & SHUTT, for appellant.

Messrs. T. S. CASEY and C. A. KEYES, for appellee.

CONGER, J.   February 23, 1887, one Thomas Dolan and appellee Gobble made a wager, the terms of which were reduced to writing, as follows:

"SPRINGFIELD, ILL., February 23, 1887.

Agreement entered into between H. Gobble and T. Dolan:
We the undersigned hereby wager $500 that J. M. Garland is not the next mayor of Springfield, T. Dolan taking the

affirmative, and we hereby put up $40, respectively, that if the money is not covered by 5 P. M., February 24, 1887, the defaulting party loses this forfeit. We hereby respectively agree that Tom Brewer is appointed holder of forfeit and final stake.

                (Signed)      THOMAS DOLAN,

Witness: NEIL CULLOM.           O. H. GOBBLE.

Attest: A. J. MARKS.

Witness for all: H. WILLIAMS."

The money was placed in the hands of appellant as stakeholder by the respective parties. The election for mayor of Springfield was held more than a month thereafter and resulted in the defeat of Mr. Garland.

About two weeks after this wager was made and before the election was held which was to decide it, without any demand from Dolan, appellant paid him the money, seeking afterward to justify such conduct by telling appellee that he and others went to the council chamber and saw Garland, who was then mayor, sitting there as such, and that made him the *next* mayor.

If the law recognizes or requires any honesty whatever on the part of a stakeholder in dealing with the money placed in his hands by those entering into a wager, then the conduct of appellant was grossly dishonest. While the act of those entering into the wager was illegal, the act of appellant in receiving the money and agreeing to pay it to the winner was not.

As said by Shaw, C. J., in Ball v. Gilbert, 12 Metcalf, 397:

"We think it clear that in no proper sense can the stakeholder be regarded as a party to the illegal contract, or in *pari delictu*. He is a mere depositary of both parties, respectively, with a naked authority to deliver it over on the proposed contingency. If the authority is actually revoked before the money is paid over, it remains a naked deposit to the use of the depositor."

When appellee placed his $500 in the hands of appellant with directions to pay it to Dolan upon the happening of a certain contingency only, and appellant, before the contingency happened and in direct violation of the duty imposed upon him to act in good faith toward appellee, gave

Brewer v. Gobble.

the money to Dolan, we think he became liable to appellee.

Appellee had a right at any time before the happening of the contingency which was to decide the wager, to revoke such wager and withdraw his deposit.

It is true that if the stakeholder pays the money over to the winning party before demand made upon him, or notice from the parties that the wager is revoked, it will be a protection, but we understand the cases that hold this doctrine to imply that such payment is honestly made by the stakeholder in accordance with the decision of the wager after the contingency has happened upon which it depends.

We have been referred to no case that decides this exact point, for in none of them was there a payment by the stakeholder to one of the parties before the wager could be determined; but it seems to us that the plainest principles of justice support it. If a stakeholder, before a wager is or can be decided, can pay the money over to one of the parties not entitled to it, and thereby defend himself from a suit for the recovery by the other of the amount deposited with him by such other, we see no reason why he may not pay it to a stranger or keep it himself with impunity. The contract between the parties to the wager is illegal and neither can enforce it, but the contract of each with the stakeholder is such as is implied by law when one deposits money with another, *i. e.*, that he will pay it out according to the directions given, or return it to the depositors; and such contract is legal and can be enforced.

We see no serious error in the instruction complained of, and believing that justice has been done, the judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*